## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NGOZIKA J. NWANERI,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>UNITED MEDICAL CENTER,<br><br>　　　　*Defendant*. | Civil Action No. 24-CV-02834 (CRC) |

### DISTRICT OF COLUMBIA'S MOTION TO QUASH SERVICE
### OR, ALTERNATIVELY, TO DISMISS THE DISTRICT AS A PARTY

　　Plaintiff Ngozika Nwaneri sues United Medical Center (UMC), alleging various claims related to his work with UMC. On December 5, 2025, the Court found that UMC "appears to be a now-dissolved instrumentality of the District of Columbia" and ordered the United States Marshal Service to effect service on the District. Dec. 5, 2025 Minute Order. However, UMC has a separate legal existence from the District, "the District of Columbia shall not be liable for any acts or occurrences of [UMC] . . . .", D.C. Code § 44-951.14(a), and "[t]he District of Columbia and its officers and employees shall not liable for and may not be made a party to any lawsuits or claims arising from the operation of [UMC,]" *id.* 44-951.14(e). Accordingly, service on the District is not proper and should be quashed under Fed. R. Civ. P. 12(b)(4) and (5), and, if the Court intended to join the District a party, the District was misjoined and should be dismissed from the case. A memorandum of points and authorities and a proposed order are attached.

Date: February 2, 2026　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　BRIAN L. SCHWALB
　　　　　　　　　　　　　　　　　　　　Attorney General for the District of Columbia

　　　　　　　　　　　　　　　　　　　　CHAD COPELAND

Deputy Attorney General
Civil Litigation Division

*/s/ Steven N. Rubenstein*
STEVEN N. RUBENSTEIN [1013094]
Chief, Civil Litigation Division Section V

*/s/ Aaron Finkhousen*
AARON FINKHOUSEN [1010044]
Assistant Attorney General
400 Sixth Street, NW
Washington, D.C. 20001
(202) 717-1248
aaron.finkhousen@dc.gov

*Counsel for the District of Columbia*

## Certificate of Service

I hereby certify that I sought consent from Plaintiff by calling him over the phone on January 30, 2026. Plaintiff indicated that he would oppose the relief sought herein.

*/s/ Aaron Finkhousen*
AARON FINKHOUSEN
Assistant Attorney General

## LCvR 7(m) Certificate

I caused a true copy of this motion to be served upon Plaintiff via electronic mail at nwaneri_63@hotmail.com and via U.S. Mail, First Class, Postage Prepaid and addressed to the following address:

Ngozika Nwaneri
7214 Kempton Rd.
Lanham, MD 20706

*/s/ Aaron Finkhousen*
AARON FINKHOUSEN
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NGOZIKA J. NWANERI,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED MEDICAL CENTER,<br><br>*Defendant*. | Civil Action No. 24-CV-02834 (CRC) |

**DISTRICT OF COLUMBIA'S
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO QUASH SERVICE
OR, ALTERNATIVELY. TO DISMISS THE DISTRICT AS A DEFENDANT**

**INTRODUCTION**

On December 5, 2025, the Court, having observed that United Medical Center (UMC) closed on April 15, 2025, and that UMC had been an instrumentality of the District of Columbia (the District), ordered the United States Marshals Service to effect service of process on the District.  Dec. 5, 2025 Minute Order.  The Court did so to assist Plaintiff, who is proceeding *in forma pauperis*, with effecting service.  *Id.*  However, the District is a separate legal entity from UMC and cannot be made a party under the law establishing UMC.  *See* D.C. Code § 44-951.01 *et seq*.  Therefore, the District moves to quash service under Fed. R. Civ. P. 12(b)(4) and (5), and, if the Court intended to join the District as a party, the District seeks dismissal from the case under Fed. R. Civ. P. 21.

**FACTS**

UMC was established as a not-for-profit hospital corporation.  D.C. Code § 44-951.02 (a).  While established as an "instrumentality of the District government," it had "a separate legal

existence within the District government." *Id.* UMC was governed by "a Board of Directors," D.C. Code § 44-951.04(a)(1)(A), which independently exercised control over UMC, D.C. Code § 44-951.05(a).

Plaintiff alleges that he began working with UMC in 1984. Compl. ¶ 5. He further alleges that UMC suspended his privileges inappropriately in 2017, first temporarily and then permanently. *See generally* Compl. Plaintiff now sues UMC because he claims his termination and treatment were unlawful. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 4 sets forth the procedural requirements for proper service. When process is served on a person who "is not the agent of the defendant and is not authorized to receive service of process issued against such defendant, the motion to quash service and to dismiss the defendant from the action should be granted." *Stokes v. JPMorgan Chase Bank, NA*, Case No. 11-CV-02620, 2012 WL 527600, at *6 (D. Md. Feb. 16, 2012)

Fed. R. Civ. P. 21 provides that a court may, on "motion or on its own . . . at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Misjoinder of parties is not a ground for dismissing an action." *Id.* Thus, dismissing the District as a defendant does not require dismissal of the Complaint. *See id*; *see also Gardner v. Benefits Comms. Corp.*, 175 F.3d 155, 160-61 (D.C. Cir. 1999) (finding that, under the common law, appellate courts have the same authority as trial courts to add or remove parties and citing to Fed. R. Civ. P. 21 when removing unnecessary and inappropriate defendants).

## ARGUMENT

**The District is Not Authorized to Accept Service of Process for UMC and is not a Proper Party to this Action.**

2

The Court should quash service or, alternatively, dismiss the District from this action because UMC has a separate legal existence from the District under District law, and the District cannot be held liable for the acts or omissions of UMC or be made a party to any lawsuit arising out of the operations of UMC.

Capacity for a corporation to sue or be sued "is determined by" "the law under which it was organized." Fed. R. Civ. P. 17.  Here, UMC was organized under the law of the District of Columbia, specifically, D.C. Code § 44-951.01, *et seq*.  And UMC had a "separate legal existence within the District government." D.C. Code § 44-951.02(a); *see also UMC Dev., LLC v. District of Columbia*, 982 F. Supp. 2d 13, 18 (D.D.C. 2013) ("The Council of the District of Columbia created [UMC] as 'an instrumentality of the District' with a 'separate legal existence within the District government,' and the power to sue and be sued in its own corporate name."); *Sodexo Operations, LLC v. Not-for-Profit Hosp. Corp.*, 930 F. Supp. 2d 234, 239 (D.D.C. 2013) (same).  Therefore, because the District is a separate legal entity from UMC, it is not a proper recipient of service of process for UMC and the Court should quash service made on the District. *Stokes*, 2012 WL 527600, at *6; *see, also e.g., Dingwall v. District of Columbia Water and Sewer Authority*, 766 A.2d 974, 977–978 (D.C. 2001) (holding that a different instrumentality of the District afforded "separate legal and fiscal existence" "demonstrably is not the same entity as the District of Columbia and a suit against WASA is not the same thing as a suit against the District"); *Lott v. Not-For-Profit Hospital Corp.*, 373 F. Supp. 3d 92, 93 (D.D.C. 2019) (mentioning briefly UMC's separate legal existence from the District). [1]

---

[1] Furthermore, D.C. law provides that the District "*may*, upon request from the corporation" and "*at the discretion* of the Attorney General for the District" provide representation through the Office of the Attorney General to UMC and its officers and employees for legal matters related to their official duties. D.C. Code § 44-951.14(b) (emphasis added).

What is more, the District cannot be held liable for "acts or occurrences of" UMC, D.C. Code § 44-951.14(a), and "may not be made a party to any lawsuits or claims arising from the operation of the Corporation[,]" *id.* § 44-951.14(e), so the District cannot be joined as a party and should be dismissed from this case. Fed. R. Civ. P. 19 and 20 govern the required or permissive joinder of parties. But neither Rule would permit joinder of the District here.

The District is not a required party under Fed. R. Civ. P. 19. A party must be joined to a lawsuit if "joinder will not deprive the court of subject-matter jurisdiction" and if "in that [party's] absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19. The District cannot be held liable for acts or occurrence of UMC. D.C. Code § 44-951.14(e), so the District's absence will not affect the Court's ability to accord complete relief between Plaintiff and UMC. Consequently, the District is not properly joined under Rule 19.

Neither can the District be permissively joined under Fed. R. Civ. P. 20. Rule 20 permits joinder of defendants if "any right to relief is asserted against them . . . arising out of the same" factual circumstances and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Here, the Complaint raises no claims that implicate the District. *See* Compl. Counts 1, 2, and 3 (raising claims related to Plaintiff's employment relationship with UMC); D.C. Code § 44-951.02(a) (creating UMC as a "separate legal existence"). Therefore, no right to relief has been asserted against the District. Thus, the District cannot be joined under either Fed. R. Civ. P. 19 or 20, and dismissal of the District under Fed. R. Civ. P. 21 is appropriate.

## CONCLUSION

For these reasons, the District respectfully requests that the Court grant this motion, quash service on the District, and dismiss the District from this action.

4

Date: February 2, 2026

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Steven N. Rubenstein*
STEVEN N. RUBENSTEIN [1013094]
Chief, Civil Litigation Division Section V

*/s/ Aaron Finkhousen*
AARON FINKHOUSEN [1010044]
Assistant Attorney General
400 Sixth Street, NW
Washington, D.C. 20001
(202) 717-1248
aaron.finkhousen@dc.gov

*Counsel for the District of Columbia*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NGOZIKA J. NWANERI, *Plaintiff*, v. UNITED MEDICAL CENTER, *Defendant*. | Civil Action No. 24-CV-02834 (CRC) |

## ORDER

Upon consideration of the District of Columbia's Motion to Quash Service or, alternatively, to Dismiss the District of Columbia as a Party, the entire record, and good cause shown, it is this _____ day of _____, 2026, hereby:

**ORDERED** that the District's Motion is **GRANTED**, and it is further

**ORDERED** that the District of Columbia is **DISMISSED** from this action.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Copies to:

Ngozika J. Nwaneri

Plaintiff *pro se*

Aaron Finkhousen, Esq.

*Counsel for the District of Columbia*