**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NGOZIKA J. NWANERI, | |
| *Plaintiff*, | |
| v. | Civil Action No. 24-CV-02834 (CRC) |
| UNITED MEDICAL CENTER, | |
| *Defendant*. | |

**DISTRICT OF COLUMBIA'S REPLY IN SUPPORT OF ITS MOTION TO QUASH
SERVICE OR, ALTERNATIVELY, TO DISMISS THE DISTRICT AS A PARTY**

Plaintiff Ngozika Nwaneri sues United Medical Center (UMC), alleging various claims related to his work with UMC. After the Court directed the United States Marshals Service to facilitate service on the District, the District filed a motion to quash service or dismiss it as a party, explaining that under D.C. Code § 44-951.14 (e), the District cannot be held liable for UMC's acts or omissions or made a party to any action concerning UMC's acts or omissions. Dist.'s Mot. [20]. Plaintiff filed an opposition. Pl.'s Opp'n [22]. In his opposition, Plaintiff concedes that he cannot sue the District and asks the Court to (1) not dismiss his action in its entirety; (2) extend his time for service; (3) order the District to provide information necessary to serve UMC; and (4) have the U.S. Marshals effect service. Pl.'s Opp'n at 5 ("if the Court is inclined to drop the District as a party, it should do so without prejudice . . .").

The Court should quash service and dismiss the District as a party. The District cannot be held liable for the acts or omissions of UMC nor made a party to an action concerning UMC. D.C. Code § 44-951.14(a), (e). Plaintiff raises no argument contesting this conclusion. Instead, Plaintiff argues that the District's dismissal should not result in a final disposition of his case.

Pl.'s Opp'n at 4–6.  The District did not move for the dismissal of Plaintiff's case; it only sought its own dismissal because it is not a proper defendant.  *See* Dist.'s Mot.  Thus, nothing in Plaintiff's opposition counsels against granting the District's motion.

Plaintiff also seeks extended time for service, an opportunity to continue to pursue his claims, an order requiring the U.S. Marshals Service to effect service, and an order requiring the District to inform Plaintiff who to serve to sue UMC.  While the District takes no position with respect to Plaintiff's requests for an extension for the time for service, complete dismissal of his claims, or having the U.S. Marshals Service effect service for him, the District does oppose an order requiring it to identify how Plaintiff can serve UMC.  First, as noted in the Court's June 23, 2025 Minute Order, "a district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process."  *Fletcher v. Reilly*, No. 7331, 2007 WL 2111030, at *1 (D.D.C. Jul. 23, 2007) (citations omitted).  Second, because the District "may not be made a party to any lawsuits or claims arising from the operation of" UMC, D.C. Code § 44-951.14 (e), the Court lacks jurisdiction to order the District to assist Plaintiff in the prosecution of his case.  *Cf. Smith v. Bayer Corp.*, 564 U.S. 299, 308 (2011) (recognizing a "general rule against binding nonparties.").  Therefore, irrespective of any final disposition of the case, the Court should dismiss the District from the case and refrain from ordering it to assist Plaintiff in the prosecution of his case.

## CONCLUSION

For these reasons, the District respectfully requests that the Court grant the District's motion, quash service on the District, and dismiss the District from this action.

Date: March 2, 2026                    Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Steven N. Rubenstein*
STEVEN N. RUBENSTEIN [1013094]
Chief, Civil Litigation Division Section V

*/s/ Aaron Finkhousen*
AARON FINKHOUSEN [1010044]
Assistant Attorney General
400 Sixth Street, NW
Washington, D.C. 20001
(202) 717-1248
aaron.finkhousen@dc.gov

*Counsel for the District of Columbia*

## Certificate of Service

This certifies that I caused a true copy of the foregoing filing to be served upon Plaintiff

Ngozika Nwaneri via U.S. Mail, First Class, Postage Prepaid and addressed to the address below.


Ngozika Nwaneri
7214 Kempton Rd.
Lanham, MD 20706

*/s/ Aaron Finkhousen*
AARON FINKHOUSEN
Assistant Attorney General

3